IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| VILLAGE GREEN TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 2:22-CV-00099-JRG |
| SAMSUNG ELECTRONICS CO., LTD, AND SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung" or "Defendants") Motion to Stay Pending *Inter Partes* Review. (the "Motion"). (Dkt. No. 31). In the Motion, Defendants contend this litigation should be stayed until the Patent Trial and Appeal Board ("PTAB") concludes its *inter partes* review of all asserted claims in the patents-in-suit. (*Id*.).

### I.     BACKGROUND

Plaintiff Village Green Technologies, LLC ("Plaintiff" or "Village Green") sued Defendants on July 27, 2021 alleging that Defendants' products infringe U.S. Patent No. 9,864,401 (the "'401 Patent") and U.S. Patent No. 10,620,663 (the "'663 Patent") (collectively, the "Asserted Patents") (the "First Action"). (Dkt. No. 31 at 6, 7). Defendants timely answered the First Action and asserted counterclaims. (*Id*.). Plaintiff failed to respond to Defendants' counterclaims. (*Id*. at 7). On March 16, 2022, the Court held a scheduling conference in the First Action, and Plaintiff's counsel failed to appear. (*Id*.). As a result, the Court dismissed the First Action without prejudice and gave Plaintiff 15 days to refile its lawsuit. (*Id*.). Fourteen days later, Plaintiff filed this action

asserting the same patents and claims as those set forth in the First Action. (*Id*.). After filing its new Complaint, Plaintiff waited 90 days to serve Defendants. Within two months of Plaintiff filing its new Complaint, Defendants filed petitions for *Inter Partes* Review on both Asserted Patents. Defendants' IPR's challenge the validity of all claims asserted herein. (*Id*.). Defendants challenge the claims of the Asserted Patents on the grounds that they are unpatentable under 35 U.S.C. §§ 102, 103 in view of prior art published before the claimed priority date. (*Id*. at 7, 8).

On September 26, 2022, the Court held a scheduling conference and entered a Docket Control order setting the following deadlines: the claim construction hearing is set for August 15, 2023, the deadline to complete fact discovery is September 18, 2023, the deadline to complete expert discovery is October 23, 2023, and jury selection is February 5, 2024. (Dkt. No. 30).

On November 28, 2022, the PTAB instituted the IPR proceeding for both Asserted Patents. In both matters, the PTAB determined that Defendants established a reasonable likelihood that they would prevail as to least one of the claims and instituted *inter partes* review as to *all of the challenged claims* on *all of the grounds* of unpatentability asserted in the petitions. (Dkt. No. 47).

## II.     LEGAL STANDARD

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-cv-906, Dkt. No. 45 (E.D. Tex. Mar. 2, 2015). In particular, the question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending *inter partes* reexamination). A stay is

particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-cv-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." (*Id.*).

### III. ANALYSIS

#### 1. Undue Prejudice

Defendants argue no undue prejudice would befall Plaintiff if a stay were entered. (Dkt. No. 31 at 14–17). Plaintiff waited more than one year after the issuance of the '401 Patent and three years after the issuance of the '663 Patent to file its Complaint in the First Action. (*Id*. at 15). Thereafter, this litigation has suffered from significant delays due to Plaintiff's failure to appear for the Scheduling Conference in the First Action and its waiting nearly three months to serve Defendants in this proceeding. (*Id*.). Thus, according to Defendants, Plaintiff has failed to demonstrate the need for an expeditious resolution of its claims. (*Id*.). *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) ("[W]hether the patentee will be unduly

prejudiced by a stay in the district court proceedings…focuses on the patentee's need for an expeditious resolution of its claim."). Defendants further argue that the Plaintiff and Defendants are not competitors, and that such a lack of competition weighs against a finding of undue prejudice. (*Id.*). *See Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, 2020 WL 374545 at *1 (N.D. Tex. Jan 23, 2020). Defendants further argue that a stay will not diminish Plaintiff's request for monetary damages[1] and that, in the absence of a stay, Defendants would be required to incur significant litigation expenses despite Defendants' diligent challenge of Plaintiff's Asserted Patents. (*Id.* at 16).

Plaintiff responds that a stay would cause undue prejudice as Plaintiff seeks injunctive relief to prevent irreparable harm to its licensing business. (Dkt. No. 38 at 3). Plaintiff further contends that the granting of a stay would result in a time-consuming appeal, resulting in further damages to the Plaintiff. (*Id.*).

Plaintiff's arguments are not persuasive under these particular facts. Furthermore, Plaintiff's Complaint reflects that it seeks monetary damages for the same alleged conduct for which it also seeks preliminary and permanent injunctions.[2] (Dkt. No. 1). In other words, Plaintiff's Complaint fails to establish that monetary damages are inadequate to remedy any harm caused by Defendants. Plaintiff's concerns of delay are, as Defendants point out, undermined by the fact that a final written decision on the patentability of the claims must be issued within one year of institution. (Dkt. No. 39 at 6). While a delay in enforcement of patent rights is certainly an interest entitled to weight, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Techs.*, 2015 WL 1069111,

---

[1] *VirtualAgility*, 759 F.3d at 1318; *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-CV-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016).

[2] The Court notes that Plaintiff has yet to move for a preliminary injunction.

at *2; *see also VirtualAgility Inc.,* 759 F.3d at 1318. The Court is not persuaded that a stay, within this particular scenario, would unduly prejudice the Plaintiff. At most, this factor is neutral.

### 2. Stage of Proceedings

Defendants argue that a stay is appropriate because, at the time their Motion was filed, the case was in its earliest of stages. (Dkt. No. 31 at 9.) Plaintiff characterizes the case as having advanced into "full discovery stage." (Dkt. No. 38 at 3.) While some initial discovery has been exchanged, the Court does not agree that this case is in its "advanced" stages. The trial setting is over 14 months away and the claim construction hearing is set in approximately seven months. Based on the record before the Court, "it appears likely that the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *NFC Techs.*, 2015 WL 1069111, at *3.

The Court also considers "whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay." (*Id.*) Here, Defendants contend that they acted expeditiously in filing their IPR petitions within two months of the filing of this lawsuit. (Dkt. No. 31 at 7). Significantly, even though the IPR petitions were filed two months after this lawsuit was initiated, Plaintiff had yet to serve Defendants by the time the IPR petitions were filed on May 31, 2022. (*Id.*). Indeed, Plaintiff did not serve Defendants until June 20, 2022. (Dkt. No. 6). The Court finds that Defendants acted with reasonable dispatch in filing their petitions for *inter partes* review and their Motion. With the close of discovery, the claim construction hearing, and the trial setting many months away, the Court concludes that this factor weighs in favor of a stay.

### 3.     Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of issues before the Court." *NFC Techs.*, 2015 WL 1069111, at *4. Here, *all* of the asserted claims of the '401 Patent and '663 Patent are currently under active PTAB review. (Dkt. No. 31 at 7). If the PTAB proceedings were to find some or all of the claims under review to be valid, then Defendants would be estopped from asserting invalidity defenses on "any ground that [they] raised or reasonably could have raised" during *inter partes* review. 35 U.S.C. § 315(e)(2). Conversely, should the IPRs result in the cancelation of some or all of the asserted claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Tech.*, 2015 WL 1069111, at *4.

Plaintiff challenges the strength of Defendants' IPR petitions, and the sufficiency of the evidence attached thereto. (Dkt. No. 38 at 5, 6). Plaintiff also challenges Defendants' reliance upon Chinese Patent Pub. No. CN 1761267A ("Liu") as prior art. (*Id*. at 6). Nonetheless, the PTAB found that Defendants established a reasonable likelihood that they would prevail as to least one of their challenged claims and instituted *inter partes* review as to all of the challenged claims on all of the grounds of unpatentability asserted in the petitions. (Dkt. Nos. 45–1 and 45–2). With respect to Liu, the PTAB rejected all of the arguments raised by Plaintiff and instead, "institute[ed] trial on all challenged claims and all asserted grounds of unpatentability, including the grounds based on Liu alone." (Dkt. No. 45–2). Accordingly, the Court finds that the likelihood of simplification of issues is high. This factor weighs in favor of a stay.

### IV.     CONCLUSION

The Court scrutinizes motions to stay pending IPR review carefully. This specific case meets the criteria that this Court looks for; to wit, all claims have been instituted on by the PTAB;

the Defendants' IPR petition and the PTAB institution decision are timely – where timely means a final written decision is expected in the ordinary course before the trial in this case would otherwise take place. Also, the conduct of the Plaintiff casts doubts on its seriousness as to the prosecution of this case in this Court and that dilatory conduct took place in the face of the Defendants' IPR request. All of these facts taken together persuade this Court that a stay, under these specific facts, is warranted. Accordingly, after considering the relevant factors, and for the reasons above, the Court finds that Defendants' Motion should be and is hereby **GRANTED**. The Court **ORDERS** that this case be stayed until the PTAB issues its rulings with regard to both of Defendants' petitions for *inter partes* review concerning the '401 Patent and the '663 Patent pursuant to which *inter partes* review is currently instituted.

The Parties are **ORDERED** to file a joint status report within ten (10) days after the PTAB issues its rulings. Counsel shall also deliver a courtesy copy of such report to the Court's chambers at the Sam B. Hall, Jr. Federal Building and United States Courthouse, 100 E. Houston St., Marshall, TX 75670.

**So ORDERED and SIGNED this 25th day of January, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE